CLARKE *et al. vs.* BECK.

<div style="float:right;border:1px solid">72 127<br>L122 447</div>

1. Where a vendor sold land, and gave a bond for title, and his vendee paid the purchase money, and went into possession, either by himself or by his tenant, and held the same adversely, he thereby acquired a good title, and one who subsequently bought from the same vendor, and took a deed to the property, acquired no title as against him.
2. A tenant cannot dispute or deny his landlord's title, nor can he attorn to any other person during the tenancy. Therefore, the landlord was not affected by the fact that the tenant represented to the second vendee, that he was the tenant of the vendor, and after the sale to the second vendee agreed to attorn to him.

February 2, 1884.

Title. Landlord and Tenant. Admissions. Deeds Before Judge HAMMOND. Fulton Superior Court. April Term, 1883.

Reported in the decision.

W. I. HEYWARD, for plaintiffs in error.

THOMAS FINLEY, by brief, for defendant.

BLANDFORD, Justice.

This was an action for the recovery of a lot in the city of Atlanta.

It was admitted on the trial that one Hicks, or Hickson, as he was called, was the original owner of the land in question. Clarke introduced a deed of conveyance from said Hickson to himself, dated May, 1881, and proved that one Robinson was then in possession of the premises, and that at and before the making of the deed, he inquired of Robinson, whose tenant he was, and Robinson informed him that he was the tenant of Hickson. When the deed was made, Robinson agreed to attorn to Clarke.

Beck introduced a bond for titles from Hicks to the land, dated March, 1880; proved that he had paid the purchase money, and that he put Robinson in possession of the land

as his tenant, and that Robinson attorned to, and paid him rent. After the deed was made by Hickson to Clarke, Robinson ceased to pay rent to Beck, who then turned Robinson out of possession, and Beck took possession himself, when this action was brought by Clarke. The court charged the jury that, if Beck purchased this land from Hicks, or Hickson, and paid the purchase money, took a bond for title, and went into possession of this land, either by himself or his tenant, and held the same adversely before the sale and conveyance by Hickson to Clarke, then Clarke could not recover.

The jury found for Beck, and Clarke moved for a new trial, alleging the charge above as error. The court refused to grant the same, and this is the error assigned here.

Under the facts proved, the charge was not error. The bond for titles, and the payment of the purchase money, together with the possession of the land by Beck, was such a perfect equity in the land as amounted to a title, such a title as was superior to the title of Clarke.

But counsel for plaintiff in error insists that, as plaintiff's deed was recorded in time, and the bond which Beck held was not recorded, and inasmuch as Clarke made inquiries of Robinson, who was in the actual possession of the premises, and was informed by Robinson that he was the tenant of Hickson, that Clarke was an innocent purchaser, without notice, and this falsehood of Robinson, Beck's tenant, should be visited on Beck, and not on Clarke. The maxim is *potior est conditio defendentis et possidentis.* A tenant is not allowed to dispute or deny his landlord's title, nor can he attorn to any other person during the tenancy, nor is the landlord bound by the false and fraudulent conduct of his tenant to his prejudice. The denial of the title of the landlord by the tenant, or the denial of the tenancy by the tenant, cannot operate to the prejudice of the landlord; the possession of the tenant is still the possession ot the landlord. So that in this case Beck was in possession of the land by Robinson, his ten-

ant, when Clarke purchased, this possession being under a bond for titles, and adverse, and the purchase money paid. The title to the property was in him, Beck, and this was a legal title, and not a mere equity, or latent equity, or secret incumbrance, and possession is notice. The verdict, judgment and charge of the court are right, and the same are affirmed.

Judgment affirmed.